Plaintiff William Anderson appeals the judgment of the Court of Common Pleas of Stark County, Ohio, which found the collective bargaining agreement between the Henderson F. O. P. Lodge and the City of Massillon prohibited probationary officers from appealing terminations to the civil service commission. Appellees are the City of Massillon and the Massillon Civil Service Commission. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE MASSILLON CIVIL SERVICE COMMISSION AND THE TRIAL COURT ERRED IN FINDING THAT THE COLLECTIVE BARGAINING AGREEMENT BETWEEN THE HENDERSON F.O.P. LODGE AND THE CITY OF MASSILLON PROVIDED A GRIEVANCE PROCEDURE FOR PROBATIONARY OFFICERS IN DISCIPLINARY MATTERS AND, THEREFORE, ERRED IN FINDING THAT, PURSUANT TO R.C. 4117.10(A), THE COLLECTIVE BARGAINING AGREEMENT DIVESTED THE MASSILLON CIVIL SERVICE COMMISSION OF SUBJECT MATTER JURISDICTION TO HEAR ALL APPEALS FILED BY PROBATIONARY OFFICERS.
The record indicates the city of Massillon hired appellant as a probationary police officer on January 5, 1998. On Feb. 18, 1998, appellant was involved in a motor vehicle accident while driving a police cruiser. Shortly thereafter, the city of Massillon terminated appellant's employment without a hearing based upon his driving record. Appellant filed a timely appeal with the Massillon Civil Service Commission.
The commission dismissed appellant's appeal for lack of subject matter jurisdiction, finding Article 13 of the collective bargaining agreement between the union and the city of Massillon prohibited probationary officers from appealing terminations to the city civil
a bargaining unit that the agreement has been improperly construed. Appellee argues the agreement does provide for binding arbitration of grievances and meets the requirements of a superseding collective bargaining agreement as provided in the code.
We find the clear language of the contract provides the parties intended to limit a probationary employee's access to the grievance and arbitration procedure to instances of non-disciplinary matters only, and excluding instances involving disciplinary matters. As appellant points out, this interpretation is consistent with the canon of construction known as expressio unius est exclusio alterius. In other words, reading the entire contract in pari materia, appeals from disciplinary actions are distinguished from non-disciplinary matters. The code provides the civil service commission has no jurisdiction over matters governed by the grievance procedure. The plain language of the contract limits a probationary employee's access to the grievance and arbitration procedure to cases involving nondisciplinary matters. The parties agree this was a disciplinary manner, and therefore, the contract does not apply to it. We conclude the code requires the civil service commission to take jurisdiction over disciplinary manners because the contract does not otherwise provide appellant with a remedy.
The assignment of error is sustained.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to the Civil Service Commission of Massillon, Ohio, for further proceedings in accord with law and consistent with this opinion. Costs to Appellee.
--------------------
--------------------
--------------------
Hon. John W. Wise, P.J., Hon. W. Scott Gwin, J., Hon. Sheila G. Farmer, J., JUDGES.